UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMAN L. SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-0719** |
| **LT. LEBLANC** | **SECTION "A"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and **42 U.S.C. § 1997e(c)(1) and(2)** as applicable. On July 27, 2022, the Court held a hearing with plaintiff by telephone pursuant to *Spears v. McCotter*,[1] and its progeny.[2] Upon review of the record, the Court finds this matter can be disposed of without further proceedings.

### I. Factual and Procedural Background

Plaintiff Herman L. Scott ("Scott") is a convicted inmate housed in the David Wade Correctional Center in Homer, Louisiana.[3] Scott filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendant Lt. LeBlanc at the Plaquemines Parish Detention Center ("PPDC") in Point-a-La-Hache, Louisiana.[4]

### A. Complaint

Scott alleges that, at around 1:00 p.m. on May 21, 2021, he was "assaulted" by Lt. LeBlanc when the officer pushed him in the lower back up the stairs.[5] Scott claims the officer also kicked

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of a *Spears* Hearing is to ascertain the factual and legal basis of the prisoner's claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).
[2] ECF 12. The plaintiff was sworn at the start of the hearing, which was electronically recorded.
[3] ECF No. 1, ¶I(A), at 2; *id.*, ¶III, at 4.
[4] *Id.*, ¶I(B), at 2; *id.*, ¶III, at 4.
[5] *Id.*, ¶IV(B)-(D), at 4-5.

him in the lower left leg multiple times. The officer also threatened him and sprayed him in the face with mace. Scott further alleges that he suffered irritated eyes and later discovered bruises on his lower leg.[6] Scott claims that he was held in a cell for over 72 hours without being seen by medical personnel.

Scott also claims that these events were witnessed by Deputy Robinson, who is not named as a defendant. He indicates that he filed a grievance complaint at PPDC on May 22, 2021, and it was placed under investigation.[7] However, he was moved to another prison on June 7, 2021, and has not received a response. As relief, Scott requests justice, payments for damages, and for defendant to be convicted.[8]

### B.     *Spears* Hearing Testimony

Scott testified that he is serving a 20 year sentence for armed robbery, with an expected release date of 2036. He stated that, on May 21, 2022, he was moved from tier FA to an isolation cell. He claimed that the move came after he was accused of a Rule 21 violation for masturbation, even though he was never formally charged with the violation. When a female deputy came to get him, he asked to see a ranking officer to find out why he was being moved. She took him to see Lt. LeBlanc, who asked his name. When Scott told him, the Lieutenant immediately pulled out a taser, cursed, and told him get back to his cell.

Scott stated that he entered the cell and put his hands up to show he would be no threat. Lt. LeBlanc had Scott walk to the other cell and was holding his taser even though Scott walked with his hands in the air. Scott stated that, as he walked up the stairs to the other cell, Lt. LeBlanc kept pushing him in the back as if to make him move faster. Scott again asked to speak to a ranking

---

[6] *Id.*, ¶V, at 5.
[7] *Id.*, ¶VII(F), (G), at 8.
[8] *Id.*, ¶VI, at 5.

officer before going into the cell where there was no camera. He stated that he was afraid he would get hit either by "504" gang members or by Lt. LeBlanc, who was not carrying a baton.

When asked, Scott admitted that he was resisting Lt. LeBlanc's commands to get in the cell. Scott said that the officer used force to get him into the cell by kicking him in the lower left leg two or three times. He indicated that he should have been allowed out because it was his hour out of the cell anyway.

Scott stated that, when he got in the cell, Lt. LeBlanc sprayed him with chemical mace. He then came out of the cell and hit Lt. LeBlanc. Scott then jumped to a higher railing and stayed there until other officers came. Scott alleges they escorted Lt. LeBlanc off the cell and placed him in the isolation cell. He said he spoke to Deputy Arbero[9] about the incident.

Scott further testified that he did not receive a prison rule violation for resisting Lt. LeBlanc but he was criminally charged on July 13, 2021, with battery on a correctional facility employee. He stated that, after he was assigned a new lawyer, he pleaded guilty and received three (3) years to be served consecutive to his current sentence.

## II.     Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

[9] Spelled phonetically.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Analysis</u>

Scott is suing Lt. LeBlanc for his injuries received during his transportation within the jail during which Scott admittedly was resisting the commands of Lt. LeBlanc. Further, he concedes this resistance prompted the officer to have to use force to compel him into the cell to which he was being moved. Arising from these events were the criminal charges of battery on a correctional facility officer to which Scott pleaded guilty and received a three year prison sentence.

When a § 1983 plaintiff asserts claims challenging his criminal proceedings and the basis for his imprisonment, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which would bar review of such claims under certain circumstances.

Pursuant to *Heck*, a § 1983 plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same

4

facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The Supreme Court clarified that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *see also*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging disciplinary hearing procedures). Therefore, *Heck* applies to a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief. *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing the *Heck* bar to "any injunctive relief" tied to petitioner's habeas claim brought under § 1983); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards*, 520 U.S. at 641).

Under this reasoning, Scott cannot pursue his § 1983 claims against Lt. LeBlanc because his claims arise from the same series of events and facts which underly his criminal conviction for battery. His claims therefore are frivolous and otherwise fail to state a claim for which relief can be granted. The claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e, as applicable, until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (*Heck* dismissal is with prejudice).

## IV. Recommendation

It is therefore **RECOMMENDED** that Scott's § 1983 claims against defendant Lt. LeBlanc be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted until the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

New Orleans, Louisiana, this  1st   day of February, 2023.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.